UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTONIO LEE MIXON,

Plaintiff,

v.

STATE OF NEVADA et al.,

Defendants.

Case No. 2:16-cv-02014-RFB-GWF

SCREENING ORDER

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*, a motion for appointment of counsel, and a motion for an evidentiary hearing. (ECF No. 1-1, 10, 11, 12). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.  *IN FORMA PAUPERIS* APPLICATION**

Before the Court is Plaintiff's application to proceed *in forma pauperis.* (ECF No. 10). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th

Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.     SCREENING OF COMPLAINT**

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues Defendants State of Nevada, Nevada Department of Corrections ("NDOC"), and Warden D.W. Neven. (*Id.* at 2). Plaintiff alleges one count and seeks $7,000,000 in monetary damages. (*Id.* at 4, 7).

| | |
|---|---|
| 1 | The complaint alleges the following: Neven and his delegates took trade secrets, |
| 2 | trade names, trademarks, logos, ideas, and lyrics from albums that Plaintiff sent home **to** |
| 3 | **be copyrighted.** (*Id.* at 3). HDSP correctional officers grabbed two of Plaintiff's |
| 4 | envelopes marked "don't open" from Plaintiff's door. (*Id.*) Prison officials mailed one |
| 5 | envelope to Plaintiff's home but returned the other envelope to Plaintiff opened. (*Id.*) |
| 6 | Prison officials never gave the opened envelope to the postmaster. (*Id.*) Prison officials |
| 7 | had picked up the second envelope from Plaintiff's door and returned it to Plaintiff a day |
| 8 | or two later. (*Id.* at 4). Plaintiff alleges violations of the right to privacy, the right to |
| 9 | copyright protection infringement, and the right to protection against plagiarism. (*Id.*) |
| 10 | The Court finds that Plaintiff fails to allege any colorable claim based on the right |
| 11 | to privacy, copyright protection infringement, or plagiarism. With respect to Plaintiff's |
| 12 | privacy claim, the First Amendment permits prison officials to visually inspect outgoing |
| 13 | mail to determine whether it contains contraband material which threatens prison security |
| 14 | or material threatening the safety of the recipient. *Witherow v. Paff*, 52 F.3d 264, 266 (9th |
| 15 | Cir. 1995). As such, prison officials did not violate Plaintiff's rights by opening Plaintiff's |
| 16 | outgoing mail despite Plaintiff's written admonishment of "don't open." Additionally, there |
| 17 | are no allegations in the complaint that support a copyright infringement or plagiarism |
| 18 | claim, as the Plaintiff has not alleged the ownership of a copyrighted work or the copying |
| 19 | of original elements of that work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. |
| 20 | 340, 361 (1991). Accordingly, the Court dismisses the entire complaint, with prejudice, as |
| 21 | amendment would be futile, for failure to state a claim. The Court also denies Plaintiff's |
| 22 | motion for evidentiary hearing. (ECF No. 12). |

### IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 11). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in

1  "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

**V.    CONCLUSION**

For the foregoing reasons,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) without having to prepay the full filing fee is **GRANTED**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Antonio Lee Mixon, #1019828** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1).

/ / /

IT IS FURTHER ORDERED that the Complaint is dismissed in its entirety, with prejudice, as amendment would be futile, for failure to state a claim.

IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No. 11) is denied.

IT IS FURTHER ORDERED that the motion for evidentiary hearing (ECF No. 12) is denied.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 30th day of September, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE